IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CAROLYN KAY NETTNIN                                                    PLAINTIFF

v.                              Civil No. 2:22-cv-02022

CASSANDRA JOHNSON,
Assistant Jail Administrator,
Franklin County Detention Center (FCDC);
SERGEANT BRANDON HICKS, FCDC; and
OFFICER DYLAN ROSS, FCDC                                             DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA").   Pursuant to 28 U.S.C. § 1915A, the Court is obliged to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.   Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable P. K. Holmes, III, Senior United States District Judge, referred the matter to the undersigned for the purpose of making a Report and Recommendation.

Plaintiff, Carolyn Kay Nettnin, filed this civil rights action under 42 U.S.C. § 1983.   She proceeds *pro se* and *in forma pauperis* ("IFP").   (ECF Nos. 1, 2, 5, 6).

## I.      BACKGROUND

In Plaintiff's Complaint, she asserts three different claims with respect to her detention in the Franklin County Detention Center ("FCDC").   Plaintiff's first claim is stated against Cassandra Johnson, the Assistant Jail Administrator of the FCDC.   Plaintiff states that her claim is for "conditions of confinement" concerning the date "12-2021."   (ECF No. 1 at 4).   She states

1

her claim against Defendant Johnson as an individual capacity claim only.   Specifically, Plaintiff asserts that her "dietary plan was changed from vegetarian diet back to a standard diet plan for inmates." *Id*.   She states: "earlier that day, I put in for a medical request, also stating in that request that I had an active eating disorder and body dysmorphia.   Due to this change, I was unable to eat for several days." *Id*. at 5.

Plaintiff's second claim is stated against Defendant Brandon Hicks in his individual capacity only.   (ECF No. 1 at 6-7).   The dates of occurrence are stated as "7-2021 to present" and the claim is for "conditions of confinement, denial to access to financial records." *Id*. at 6. Plaintiff states that she has "continuously asked for a printout of my financial records," including "access to funds going in and out of my books, as well as dates." *Id*.   Plaintiff further asserts that "my account has not accurately reflected the money on my books." *Id*.

Plaintiff's third claim is stated against Defendant Dylan Ross for "conditions of confinement" with respect to an incident on "10-29-20."   (ECF No. 1 at 7).   The claim is stated against Defendant Ross in his individual capacity only. *Id*. at 8.   Plaintiff states Defendant Ross "in my opinion, attempted to insite (sic) a riot and encouraged inmates to be aggressive towards each other over cleaning products." *Id*.   Plaintiff continues, "CO Ross told inmates from E Pod to 'run if they wanted first dibs' on cleaning products . . . . At that time, I informed him that he was gonna start trouble between pods." *Id*.   Plaintiff states, "[f]rom that point on, I had to watch my words for fear of being jumped.   Shortly after, my Dad bonded me out for fear of this as well." *Id*.

Plaintiff states that she was convicted on July 22, 2021, and she is "currently being detained at FCDC awaiting transport to Arkansas' Women's CCC program."   (ECF No. 1 at 2).

Thus, it appears that although she had been convicted at the time of her first two claims, she was a pretrial detainee at the time of her third claim. *Id*. at 7.

Plaintiff is seeking punitive damages of $100,000 as damages. (ECF No. 1 at 9). She states, "I believe that I am entitled to that amount due to the physical strain on my body from dietary changes, as well as mental stress and duress from mental abuse from this facility's staff." *Id*.

## II.    LEGAL STANDARD

Under the PLRA, the Court must screen a case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a pro se complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.    DISCUSSION

The essential elements of a § 1983 claim are the following: (1) that the defendant(s) acted

under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. *Schmidt v. City of Bella Vista*, 557 F.3d 564, 571 (8th Cir. 2009).

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis*, 523 U.S. 833 (1998) (citation omitted). The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. The Cruel and Unusual Punishment Clause forbids conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels*, 382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Id*. The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). Any injury resulting from conditions of confinement must be greater than *de*

4

*minimis* to state a plausible claim.  *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008).

### A.  Diet

"One constitutional protection retained by the prisoner is the right to an adequate diet. Because control of the administrative details of a prison remains exclusively in the hands of prison officials, control of the diet is within their discretion, assuming it is adequate."  *Burgin v. Nix*, 899 F.2d 733, 734 (8th Cir. 1990) (per curiam) (citations omitted).   However, the plaintiff has the burden to show that the diet provided is not sufficient to maintain her health.   *See Divers v. Dep't of Corr.*, 921 F.2d 191, 194 (8th Cir.1990) (per curiam) (citing *Campbell v. Cauthron*, 623 F.2d 503, 508 (8th Cir.1980)).   Although Plaintiff states that due to the diet change, she "was unable to eat for several days," she makes no allegation that the diet provided was not sufficient to maintain her health.   Accordingly, Plaintiff's first claim is subject to dismissal.

### B.  Financial Records

Plaintiff's allegations that Defendant Hicks failed to provide a printout of her financial records does not set forth a constitutional claim.   If Plaintiff intends to assert a claim regarding missing or stolen property, she could seek redress in Arkansas state courts.   This claim is also subject to dismissal.

### C.  Incite Violence

In Plaintiff's third claim, she asserts that Defendant Ross incited the potential for violence between inmates when he told inmates to "run if they wanted first dibs on cleaning products." (ECF No. 1 at 8).

Because it appears that Plaintiff was a pretrial detainee at the time of the alleged incident, her claim is analyzed under the Fourteenth Amendment Due Process Clause rather than the Eighth

Amendment.   However, because the Fourteenth Amendment gives pretrial detainees at least as great protection as that given to convicts under the Eighth Amendment, courts have consistently applied the Eighth Amendment deliberate indifference standard to claims by a pretrial detainee involving prison conditions.   *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014).

Applying this standard, Plaintiff's claim should be dismissed.   Prison officials are required to take reasonable measures to "protect prisoners from violence at the hands of other prisoners."   *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).   To prevail on a failure to protect claim, a plaintiff must satisfy a two-prong test.   She must demonstrate: (1) she was "incarcerated under conditions posing a substantial risk of serious harm"; and (2) prison officials were "deliberately indifferent [to her] health or safety."   *See Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011) (internal citations omitted).   The first prong is an objective requirement to ensure the deprivation is a violation of a constitutional right.   *Id.*   The second, however, is subjective requiring a showing that the defendant "both knew of and disregarded 'an excessive risk to inmate's health or safety.'"   *Id.* (quoting *Farmers*, 511 U.S. at 837).

Plaintiff has not alleged sufficient facts to demonstrate that she was incarcerated under conditions posing a substantial risk of serious harm to her health or safety.   Plaintiff has not alleged she was ever touched or suffered any actual physical injury.   *See Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) (prisoner must suffer an actual injury to state an Eighth Amendment claim).   Instead, Plaintiff only states she was in fear and suffered mental stress and duress.   (ECF No. 1 at 8, 9).   Pursuant to the PLRA, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."   42 U.S.C. § 1997e(e).   Plaintiff's

third claim is subject to dismissal.

### IV.    CONCLUSION

For the foregoing reasons, it is recommended that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE**.

**The Plaintiff has fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The Plaintiff is reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this 7th day of March 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE